Michael Wexler v. Commissioner.
Wexler v. Commissioner
Docket No. 84441.
United States Tax Court
T.C. Memo 1960-266; 1960 Tax Ct. Memo LEXIS 23; 19 T.C.M. (CCH) 1486; T.C.M. (RIA) 60266; December 12, 1960
*23 Michael Wexler, pro se. 396 Union Avenue, Irvington, N. J. Chapman H. Belew, Jr., Esq., for the respondent. RAUM
Memorandum Opinion RAUM, Judge: The Commissioner determined a deficiency in income tax against petitioner in the amount of $183 for 1956, based upon an adjustment explained by him as follows: It is determined that you failed to include in your Federal income tax return for the taxable year ended December 31, 1956 income from tips in the amount of $1,012.15. The evidence shows that petitioner was a taxi driver in Newark, New Jersey, and that the addition for tips was based upon 15 per cent of what the Commissioner regarded as the gross fares received by petitioner during 1956. However, we had credible evidence that during four out of six working days a week (from about mid-September to about mid-June) approximately one-half of petitioner's gross fares came from socalled school jobs in which he transported children to and from a parochial school, that the fares for such trips were paid by the school to the cab company, which in turn compensated petitioner, and that he received no tips with respect to such jobs. To the extent that the Commissioner charged *24 petitioner with tips on the school jobs, his determination was in error. As to non-school jobs we are satisfied that petitioner did receive tips, but on the record before us we think such tips were included at least to some extent in petitioner's return. An official of the Yellow Cab Company, petitioner's employer, was called as a witness by the Government. He explained that pursuant to the system in effect in 1956 a driver would be required to report to the company not only the fares collected but also the tips received, that the company would keep one-half of the total, and that the other half (after subtracting amounts for fuel supplied by the company) would constitute the driver's compensation. The company would report that compensation on its W-2 forms and compute its withholding accordingly. The Government does not dispute that petitioner's return herein was based upon his W-2 form for 1956. In these circumstances, we are satisfied that petitioner's return for 1956 reflected at least part of the tips received on the non-school jobs. However, the question still remains whether petitioner reported the full amount of his tips to the company and whether such full amount did therefore *25 appear on his return. Petitioner contested the Commissioner's position that his tips averaged 15 per cent of the fares to which they pertained, and we are convinced that his reported tips were less than that amount. Although he denied generally that his tips averaged 15 per cent of the fares, we are not satisfied that he has sustained his burden of proof in this respect. The Commissioner's use of a 15 per cent formula appears reasonable to us. Since the amount of petitioner's reported tips does not appear on this record, we must do the best we can with the materials before us, cf. (C.A. 2) and we hereby find as a fact that the unreported tips which petitioner received in 1956 were in the aggregate of $250. Decision will be entered under Rule 50.